

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00260-CV

---

JOHN NEUDORF, APPELLANT

V.

JEFFREY COOMER, APPELLEE

---

On Appeal from the 72nd District Court
Lubbock County, Texas
Trial Court No. DC-2024-CV-0007, Honorable John C. Grace, Presiding

---

June 30, 2026

## MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and PRATT, JJ.

This appeal arises from an easement dispute between neighbors. John Neudorf, Appellant, insists there is no easement and appeals a traditional summary judgment granted in favor of Jeffrey Coomer, Appellee. He contends the trial court erred in granting summary judgment because: (1) easement by estoppel cannot exist when the easement was added to Neudorf's deed by a correction deed which Neudorf did not execute; and (2) Coomer presented legally insufficient evidence to establish his claim of easement by estoppel. We affirm.

On August 19, 2005, Timothy and Vickie Vaughn purchased a 21.194-acre tract from the Veterans Land Board of Texas located in Lubbock County. Contemporaneously with the purchase and pursuant to a contract for sale, the Vaughns sold 5.204 acres out of their tract to John Neudorf (the Neudorf Tract).[1] The contract for sale for the Neudorf Tract identified an easement across the north 30 feet of the Neudorf Tract to be accessible and usable by the remaining 15.990-acre tract. Without this easement, the Vaughns had no access to the 15.990-acre tract. On January 25, 2006, apparently realizing the deed to Neudorf omitted the agreed easement, the Vaughns executed a correction deed which added language identifying and reserving the easement. Because the terms "grantor" and "grantee" were juxtaposed in the correction deed, the Vaughns contemporaneously executed a second correction deed on the same day. Neudorf did not sign these correction deeds, and there is no evidence he was requested to sign the correction deeds.

On February 16, 2007, the Vaughns sold the remaining 15.990 acres to Lyndall and Celia Staggs. The Staggs sold that tract to Coomer sixteen years later on May 1, 2023 (the Coomer Tract). Both deeds contained a description of the thirty-foot easement described in the contract for sale executed by the Vaughns and Neudorf. Shortly thereafter, Neudorf's attorney sent Coomer a letter denying the existence of the easement across Neudorf's land. When the parties were unable to resolve their dispute, Coomer

---

[1] The warranty deed states an execution date of August 12, 2005, a week before the Veterans Land Board executed the deed to the Vaughns. However, because the Vaughns executed a general warranty deed, title to the five-acre tract passed to Neudorf due to the long-standing doctrine of after-acquired title. *Clark v. Gauntt*, 138 Tex. 558, 161 S.W.2d 270 (1942).

2

filed the present suit seeking a declaratory judgment declaring there exists an easement by estoppel across Neudorf's land.

During the pendency of the suit, motions for summary judgment were filed by both parties. The trial court initially denied both Neudorf's and Coomer's motions. However, upon reconsideration, the trial court granted Coomer a final summary judgment and declaration an easement exists across the Neudorf Tract. Neudorf appeals from that judgment.

**ANALYSIS**

We review a trial court's grant of summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). To obtain traditional summary judgment, a party must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). If the movant does so, then the burden shifts to the nonmovant to raise a genuine issue of material fact. *First Sabrepoint Capital Mgmt., L.P. v. Farmland Partners Inc.*, 712 S.W.3d 75, 84 (Tex. 2025).

Easements are nonpossessory interests in land that authorize the holder to use another's property—the burdened or servient estate—only for a particular purpose. *Boerschig v. Rio Grande Elec. Coop., Inc.*, No. 24-0213, 69 Tex. Sup. Ct. J. 771, 2026 Tex. LEXIS 455, at *10 (May 22, 2026) (citations omitted). Because easements are real property interests, the statute of frauds and conveyances generally require a signed and recorded writing to evidence the creation of an easement. *Id*. (citing *Copano Energy, LLC v. Bujnoch*, 593 S.W.3d 721, 727 (Tex. 2020) and *ConocoPhillips Co. v. Hahn*, 704

3

S.W.3d 515, 530 (Tex. 2024)).  However, the owner of the burdened estate may be estopped to deny the existence of an easement despite the lack of a conforming writing. *Id*.; *see also Storms v. Tuck*, 579 S.W.2d 447, 454 (Tex. 1979).  This doctrine of easement by estoppel is an exception to the statutes requiring a writing to evidence the creation of the easement.  *Storms*, 579 S.W.2d at 451.

To prove the existence of an easement by estoppel, the holder must show (1) the owner of the burdened estate represented that an easement would be conveyed, (2) the holder believed the representation, and (3) the holder relied on the representation to his detriment.  *Boerschig*, 2026 Tex. LEXIS 455, at *11.  Representation and belief are fixed at the time of transfer, but if the reliance terminates, so does the estoppel.  *Id*.  "Once created, an easement by estoppel is binding upon successors in title if reliance upon the existence of the easement continues."  *Goodenberger v. Ellis*, 343 S.W.3d 536, 541 (Tex. App.—Dallas 2011, pet. denied).  A writing that fails as an express easement can be some evidence supporting the representation element of an easement by estoppel. *Boerschig*, 2026 Tex. LEXIS 455, at *12.  The holder bears the burden to prove an easement by estoppel exists; however, an express easement is recognized as a property interest as a matter of law, even if its interpretation or application may be disputed.  *Id*.

Because easements by estoppel are a specific application of the doctrine of equitable estoppel, they are a creature of equity that seeks to prevent injustice and to protect innocent parties from fraud.  *Boerschig*, 2026 Tex. LEXIS 455, at *21 (citations and quotations omitted).  It applies when injustice can be avoided only by establishment of a servitude to protect the user's substantial change of position in reasonable reliance on the owner's representation.  *Id*. at *22 (citations, quotations, and edits omitted).

4

We begin with Neudorf's second argument. Here, Neudorf challenges the trial court's summary judgment by arguing Coomer failed to meet his burden to prove his entitlement to judgment as a matter of law. He claims genuine issues of material fact precluded the trial court from awarding summary judgment. We disagree.

Our review of the record reveals both parties attached copies of the same documents to their respective motions for summary judgment. Coomer also included an affidavit from Lyndall Stagg containing additional facts. Neudorf attached no evidence to his response to Coomer's motion to controvert the facts stated in Lyndall Stagg's affidavit. Instead, Neudorf argued genuine issues of material fact existed and re-urged his affirmative defenses. However, he also averred in his response "[p]art of the agreement was for the reservation of [the easement] to benefit the [Coomer Tract] to be used for access and utilities." In effect, he admitted he had agreed to buy his land subject to the easement. On appeal, Neudorf claims his own earlier-filed affidavit contradicts the factual allegations and evidence contained in Coomer's motion and demonstrates the existence of a genuine issue of material fact.[2]

Even if Neudorf's earlier-filed affidavit was "on file," and therefore could have been considered by the trial court, the affidavit does not in fact contradict the factual statements made by Lyndall Stagg. Neudorf urges the following statements preclude summary judgment:

- "At no time since I have owned [the Neudorf Tract] has an easement existed across my property."

---

[2] Neudorf's affidavit was attached to his reply to Coomer's response to Neudorf's motion for summary judgment filed early in the case. Neudorf moved for summary judgment based on the statute of limitations, and the trial court denied his motion. Because he has not separately appealed the denial of his motion for summary judgment, Neudorf's motion is not at issue.

5

- Neither did the Vaughns or the Staggs continuously and regularly use the driveway on my property to access [the Coomer Tract]."

But, the above statements merely draw legal conclusions—there is no easement and there was no continuous, regular use—unsupported by any facts. Such conclusory statements are not evidence and are insufficient to create a genuine issue of material fact. *See Aguilar v. Wells Fargo Bank, N.A.*, No. 07-20-00036-CV, 2021 Tex. App. LEXIS 718, at *7 (Tex. App.—Amarillo Jan. 29, 2021, no pet.) (mem. op.) (citing *Dolcefino v. Randolph*, 19 S.W.3d 906, 930 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (op. on reh'g)); *Dickerson v. Davis*, 925 S.W.2d 123, 126 (Tex. App.—Amarillo 1996, writ dism'd w.o.j.) ("An affidavit containing conclusory statements unsupported by facts is not competent summary judgment proof.").

Based on the undisputed facts, Neudorf is estopped from denying the existence of the easement. Neudorf agreed to the original contract for sale, which contained a description of the easement. He did not dispute the Vaughns' land—now the Coomer Tract—was landlocked after their conveyance to Neudorf, and the easement was, at the time, the only means of ingress and egress to this tract. He also does not dispute the Staggs' continual use of the easement to access their property during the 16 years they owned the Coomer Tract after the Vaughns. Nor does he dispute the Staggs' contributions to improve the easement or the fact that he never prevented their access to the easement during their period of ownership. We conclude there was no genuine issue of material fact, and Coomer was entitled to summary judgment if he could demonstrate he was entitled to judgment as a matter of law.

Neudorf next argues, even if there was no genuine issue of material fact on the existence of the easement, Coomer did not provide any evidence Neudorf made a representation to him regarding the easement, and Coomer also did not establish he relied on the representation of the easement. But "[r]epresentation and belief are fixed at the time of transfer," and a subsequent purchaser takes the property subject to notice of those representations at the time of purchase. *Boerschig*, 2026 Tex. LEXIS 455, at *11, 23.

Here, there is a regular chain of title for Coomer's tract. Each conveyance—from the Vaughns to the Staggs to Coomer himself—involves a general warranty deed by which the successors-in-interest have purchased all the rights, title, and interest of the grantors. The grantors have bound themselves to defend the title conveyed therein. And, the Vaughns' warranty deed to the Staggs specifically contains a description of the easement at issue. Therefore, the question is whether Neudorf made the representation of the easement to the Vaughns, not the Staggs or Coomer. As discussed above, Neudorf indeed made that representation in the contract for sale he signed with the Vaughns for the original purchase of his land.

Neudorf nonetheless complains because he did not sign the correction deeds filed by the Vaughns, the correction deeds were ineffective to retroactively include the easement in the original conveyance to Neudorf. He suggests the changes made by the correction deeds were material and required Neudorf's signature on the correction instruments to be enforceable. TEX. PROP. CODE § 5.029. But unenforceable, written instruments may be used to prove easement by estoppel. *Id*. at *12. Moreover, Neudorf's argument ignores the fact that the Vaughns' correction deeds were executed in 2006,

7

*before* the passage of the correction deed statutes. In fact, the subsection immediately following the ones cited by Appellant states:

> A correction instrument recorded before September 1, 2011, that substantially complies with Section 5.028 or 5.029 and that purports to correct a recorded original instrument of conveyance is effective to the same extent as provided by Section 5.030 unless a court of competent jurisdiction renders a final judgment determining that the correction instrument does not substantially comply with Section 5.028 or 5.029.

TEX. PROP. CODE § 5.031. The plain language of the statute requires a "final judgment determining that the correction instrument does not substantially comply" with the current requirements before it is deemed ineffective. Neudorf never sought a determination from the trial court regarding the validity and "substantial compliance" of the Vaughns' correction deeds. Therefore, the correction deeds are effective to correct the omission of the easement from the contract for sale the parties signed.[3]

Coomer's evidence conclusively proved an easement by estoppel: (1) Neudorf made a representation of the easement in his contract for sale with the Vaughns, (2) the representation in the contract was believed by the Vaughns, and (3) the Vaughns—being left with a landlocked parcel—relied on that representation to their detriment. Neudorf's issues are overruled. The trial court did not err in awarding summary judgment to Coomer.

---

[3] Arguably, the omission of the easement is also not a material change requiring the signature of Neudorf. TEX. PROP. CODE § 5.028(a-1) (a nonmaterial change includes an "inadvertent error, including the addition, correction, or clarification of . . . a legal description prepared in connection with the preparation of the original instrument but inadvertently omitted from the original instrument[.]"). However, because Coomer's claim is for easement by estoppel, we need not determine whether the Vaughns' correction deeds were material under the 2011 legislative amendments to the Property Code.

**CONCLUSION**

Having overruled the issues presented on appeal, the judgment of the trial court is affirmed.

Laura A. W. Pratt
Justice
